MARY V. TERRY et al. v. LOUISA GLOVER, MARTHA KENNEY et al.; LOUISA GLOVER, Appellant.

### Division One, July 1, 1911.

1. **ABSTRACT: Evidence Not Preserved.** A deposition admitted and read in evidence, but not set out in the abstract, which contains nothing of either its contents or substance, cannot be considered on appeal, neither can the court take into account 'what counsel state the witness testified.

2. **DEED: Delivery: Grantee as Witness.** The grantee in a deed, under which she claims a life estate in the land sought to be partitioned, is not a competent witness to prove that the deceased grantor delivered the deed to her, although she be his widow. In such case the deed is "the contract in issue and on trial."

3. ——: ——: **Deposited in Place to Which Grantee Had Access.** An instrument intended to be a deed is not a deed until the grantor delivers it to the grantee or to some other person for the grantee. It is essential to a valid delivery that the grantor part with the possession of the instrument without reservation and with the intention that it take effect at that time and operate as a transfer of the title. An instrument granting, bargaining and selling certain lands to grantor's wife, and

reciting that it is "not to go into effect until after the death of the said" grantor, placed by him in a tin box, on which his name was printed and .in- which he kept his valuable papers and which he placed for safe keeping in the vault of a bank where he kept his bank account, and to which she always had access, and the key to which she carried, and. from which she as administratrix took it after his death, cannot be said to have been delivered to her.

4. ———: **Testamentary In Character.** A deed reciting on its face that it is not to take effect until after the grantor's death, even though it be delivered, is testamentary in character, and not being executed according to the requirements of law for the execution of a will, is invalid, both as a will and as a deed of conveyance. A deed takes effect immediately upon its execution or not at all. It may be delivered to a third person to be delivered by him to the grantee, and it is valid although not delivered to the grantee in person until after the death of the' grantor, but in such case the deed takes effect from the first delivery and passes the title at that time. ·

Appeal from Linn Circuit Court.— *Hon. John P. Grover*, Judge.

AFFIRMED.

*Lewis A. Chapman* and *Frank Sheetz & Son* for appellant.

(1) The deed read in evidence from George Glover to Louisa Glover was a valid conveyance. Wilson v. Carrico, 49 Am. St. 213; Olds v. Coombs, 124 Ind. 62; Lyles v. Lecher, 108 Ind. 382; Wall v. Wall, 64 Am. Dec. 147; Johnson v. Heins, 31 Ga. 720; Rawlings v. McRoberts, 95 Ky. 346; Cates v. Cates, 135 Ind. 272; Chandler v. Chandler, 55 Cal. 267; Graves v. Atwood, 52 Conn. 512; Owen v. Williams, 114 Ind. 179; Abbott v. Holway, 72 Me. 298; White v. Hoppins, 80 Ga. 154; Webster v. Webster, 33 N. H. 18; Bunch v. Nicks, 50 Ark. 367; Wyman v. Brown, 50 Me. 139; Shackelton v. Sebree, 86 Ill. 616; Lauck v. Logan, 45 W. Va. 251; Love v. Bland, 48 L. R. A. 257; Hunt v. Hunt, 68 L. R.

A. 180; West v. Wright, 115 Ga. 277; Abney v. Moore, 106 Ala. 131; Latimer v. Latimer, 174 Ill. 418; Owen v. Williams, 114 Ind. 179; Brice v. Sheffield, 118 Ga. 128. (2) Louisa Glover, the widow of George Glover, was a competent witness; and especially to prove delivery of the deed in question and any act of her husband. Shanklin v. McCracken, 140 Mo. 348.

*J. M. Davis & Son* and *Bresnehen & West* for respondents.

(1) The "deed" from George Glover to Louisa Glover is testamentary in character because it provides, "This deed not to go into effect until after the death of George Glover." And it is therefore void as a deed of conveyance, Murphy v. Gabbert, 166 Mo. 596; Griffin v. McIntosh, 176 Mo. 398; Chew v. Kellar, 171 Mo. 222; Aldridge v. Aldridge, 202 Mo. 572; Givens v. Ott, 222 Mo. 411; Pinkham v. Pinkham, 55 Neb. 729; Charleton v. Cameron, 54 Tex. 72; Leaver v. Gauss, 62 Iowa, 314; Turner v. Scott, 51 Pa. St. 126; Cunningham v. Davis, 62 Miss. 366; Donald v. Nesbitt, 89 Ga. 290; 19 Cent. Law Jour., p. 47; 1 Devlin on Deeds, sec. 309; 3 Wash. on Real Prop., p. 266. (2) George Glover, the maker of the instrument in question, never having delivered it, and the same being found in his possession and under his control at the time of his death, and defendant, Louisa Glover, having secured possession of it by reason of being administratrix of his estate, she could thereby acquire no title thereunder. Griffin v. Miller, 188 Mo. 327; Seibel v. Higham, 216 Mo. 131; Williams v. Husky, 192 Mo. 550. The maker of the instrument never having parted with dominion and control over it there was no delivery. Huey v. Huey, 65 Mo. 689; Mudd v. Dillon, 166 Mo. 119; Gaines v. Keener, 35 S. E. (W. Va.) 856; Fifer v. Racheal, 62 N. E. (Ind.) 68. (3) Louisa Glover being one of the original parties to the contract in issue and on trial (the "deed") and George Glover, the other original

party thereto, being dead, Louisa Glover was not a competent witness in her own behalf. R. S. 1899, sec. 4652; R. S. 1909, sec. 6354; Smith v. Smith, 201 Mo. 547.

VALLIANT, J.—This is a suit for partition of land in Livingston county. The parties are the children and widow of George Glover, who was the owner of the land and who died intestate August 2, 1905. The petition avers that on the death of George Glover the land decended to his children in fee, subject to the widow's homestead and dower. The only controversy in the case arises out of an instrument in writing which the widow claims to be a deed executed by George Glover, October 12, 1903, whereby, she contends, he reserved to himself a life estate and conveyed the remainder in fee to her. The instrument on its face makes no mention of a life estate or of a remainder, but purports to be a conveyance in fee by the grantor to his wife. The language of the deed is: "That the said party of the first part [George Glover] in consideration of the sum of one hundred dollars and love and affection to him paid by the said party of the second part [his wife Louisa Glover], the receipt of which is hereby acknowledged, do by these presents grant, bargain and sell, convey and confirm unto the said party of the second part, her heirs and assigns, the following described lots, tracts or parcels of land lying being and situate in the county of Livingston and State of Missouri, to-wit:" Then follows a description of the land which we will omit; after that description comes this sentence: "This deed not to go into effect until after the death of the said George Glover." The widow insists that those words constitute a reservation of a life estate in the grantor and that the preceding words of grant, bargain and sale convey to her an estate in fee in remainder. In her answer she says that such was the intention of her husband when he executed the deed,

and if the language employed does not express that purpose the scrivener who wrote it made a mistake, and she prays that the deed be reformed to express that intention. The plaintiffs contend that the deed correctly expresses the purpose of the grantor and that it is therefore ineffectual as a deed, is testamentary in character, and, not being executed as a will, is without force; and they say that the widow having caused it to be recorded as a deed since the death of her husband, it casts a cloud on their title, which they ask to be removed; they also deny that the instrument was delivered as a deed. The deposition of the man who wrote the alleged deed was offered in evidence by the defendant Louisa Glover, and admitted over the objection of the plaintiffs; yet, although it is stated in the abstract that this deposition was read in evidence, it is not set out in the record and there is nothing in the abstract showing its contents or substance. Counsel for plaintiffs in their brief say that the witness testified that he wrote the deed just as the grantor requested, but we cannot take that statement into account because there is nothing in the record before us to show what the testimony of the witness was.

The court found the issues in favor of the plaintiffs; found that the instrument in dispute had never been delivered, that it was testamentary in its character, but ineffectual as a will because it was not executed as a will, that the widow acquired no right or title under it, that it was a cloud on the plaintiffs' title and should be cancelled as such; that the widow was entitled to a homestead and dower in the land described in the petition, that the land was not susceptible of partition in kind according to the rights of the parties in interest. Commissioners were appointed to set apart the homestead and dower of the widow, and the rest of the land was decreed to be sold for partition and division among the children of George Glover deceased. From that judgment the widow appealed.

There being no evidence to support the allegation in the answer and cross-bill of the appellant that the scrivener made a mistake in writing the instrument, that issue is out of the case, and we have only two questions, one of fact and the other of law, namely, was the instrument in fact delivered? If delivered was it in legal effect a deed of conveyance *in praesenti*?

I.  The only express testimony on the question of delivery was that of appellant herself who testified that her husband handed the deed to her and she received it as such.  When this witness offered to testify on this point plaintiffs objected on the ground that she was incompetent as a witness to prove the delivery of the deed, under the provisions of section 4652, Revised Statutes 1899, now section 6354, Revised Statutes 1909, but the court overruled the objection.  The objection should have been sustained.  The alleged deed was "the contract . . . in issue and on trial" and the other party to it being dead, the living party was incompetent to prove its execution.  Proof of delivery of a deed is proof of an essential point in its execution.

Other testimony on the question of delivery on the part of plaintiffs was to the following effect:  George Glover had a tin box, on which his name was painted, in which he kept his valuable papers and which he placed for safe keeping in the vaults of the bank where he kept his bank account.  After his death appellant went to the bank and requested that the box be delivered to her, but the bank people refused to give it to her, saying that as George Glover was dead the box should be delivered only to the administrator of his estate.  Thereafter appellant qualified as administratrix of the estate, and again made application to the bank for the box and it was delivered to her; she opened it in the presence of witnesses, took therefrom the deed in question and caused it to be placed on record.  On the part of appellant the testimony on this point was to the

effect, that she had bought the box and in it were kept not only papers belonging to her husband but papers in which they were both interested, and she always had access to the box in his lifetime; she carried the key to the box and sometimes went to the bank and opened it when occasion required; she had authority to draw checks over her own name on her husband's bank account and the bank honored her checks. One of the children, Charles Glover, a witness for his mother testified as follows: "Q. When did you first learn form your father about the deed to your mother? A. I didn't know anything about that he had made a deed, but he told me at the time that he wanted the business fixed up so that the son-in-law wouldn't beat mother out of it, so that she could have it after he was gone. Q. When was that? A. It was about 1903, I think, about October 14th, somewheres along there, in that year any way." The last years of his life her husband was in poor health and appellant transacted the most of his business for him.

The most that can be made out of the testimony for appellant on this point is that her husband placed the deed where she had access to it, but where he also had access to it.

An instrument intended to be a deed is not a deed until the grantor delivers it to the grantee; the delivery may be made through the agency of a third person, as where the grantor delivers it to a third person to be delivered to the grantee. It is essential to a valid delivery that the grantor part with the possession of the instrument without reservation and with the intention that it take effect at that time and operate as a transfer of the title. [Standiford v. Standiford, 97 Mo. 231.] If this instrument had been actually delivered to Mrs. Glover by her husband and she had put it in the tin box with his papers and deposited it in the bank for safe keeping, where he had access to it and might have taken possession of it, that fact would not have had the effect

to destroy it as a deed. [Sneathen v. Sneathen, 104 Mo. 201, l. c. 209.] If it had once taken effect as a deed its character could not be changed by a mere physical possession taken of it by the grantor. And it is also true that if it had not been delivered to Mrs. Glover by her husband with the intention of having it take effect and pass the title *in praesenti*, the fact that it was put into the tin box to which she had access would not constitute a delivery. [Huey v. Huey, 65 Mo. 689.] In Scott v. Scott, 95 Mo. 300, l. c. 308, it was said that "the lodgment of a deed properly executed and acknowledged by the grantor in a place to which the grantee has access, and from which he can without hindrance transfer it to his own possession, with the intent on the part of the grantor that the grantee may, after his death, take it and have it recorded, does not constitute delivery of the deed."

Construing the circumstantial evidence in this case and applying it to the instrument in question which says on its face that it is not to take effect until after the death of the grantor, we are satisfied that the learned trial judge was justified in finding that there had been no delivery of the paper in question as a deed.

II. But even if the instrument had been delivered it was invalid as a deed of conveyance, because, by its own terms, it was not to take effect until after the death of the grantor, it was testamentary in its character and, not being executed according to the requirements of law for the execution of a will, it is invalid as such.

Appellant's learned counsel have presented a very able brief and argument in support of their contention that an instrument limited, as this is, to take effect only after the death of the grantor, is valid as a deed of conveyance, and they have cited cases from other states which so hold, but that is not the law of this State.

The decisions of this court draw the distinction between a deed of conveyance and a will; the one takes effect immediately on its execution and during the lifetime of the grantor, the other after his death. A deed may be delivered by the grantor to a third person to be by him delivered to the grantee and it is valid although not delivered to the grantee in person until after the death of the grantor, but in such case the deed takes effect from the first delivery, and passes the title at that time. [Sneathen v. Sneathen, 104 Mo. 201; Allen v. DeGroodt, 105 Mo. 442.] An instrument to be valid as a deed of conveyance must have the effect to pass the title *in praesenti*; it cannot be made to take the place of a will; it is not valid as a deed if it is not to take effect until after the death of the grantor. The law seems to be otherwise in some states, but such is the law in Missouri, as this court has several times decided. [Murphy v. Gabbert, 166 Mo. 596; Griffin v. McIntosh, 176 Mo. 398; Aldridge v. Aldridge, 202 Mo. 565; Givens v. Ott, 222 Mo. 395, l. c. 411.]

The trial court had the correct understanding of this case. The judgment is affirmed. All concur.