**Charlsie GREEN, Plaintiff-Appellant**

v.

**Violet Green STANFILL and W. H. Stratman, Defendants-Respondents.**

**No. 11807.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 3, 1981.

Motion for Rehearing or Transfer to Supreme Court Denied Feb. 26, 1981.
Application to Transfer Denied
April 6, 1981.

David A. Schwartze, Vienna, for plaintiff-appellant.

Michael A. Dallmeyer, Hendren & Andrae, Jefferson City, for defendants-respondents.

PREWITT, Presiding Judge.

Plaintiff sought to set aside, for nondelivery, a deed from her and her deceased husband to their son, Frankie Green, and requested a decree declaring that she was the sole owner of the farm described in the deed. Defendant Violet Green Stanfill was the son's widow, and she claims the property through a deed from him. She remarried while this action was pending. Plaintiff also asked for money damages representing income Mrs. Stanfill received from

defendant W. H. Stratman for renting the property to him. Trial was without a jury. At the conclusion of plaintiff's evidence, Mrs. Stanfill filed a motion for a directed verdict. The trial judge treated it as a motion to dismiss under Rule 67.02, V.A.M.R., and sustained it. He also sustained defendant Stratman's oral motion to dismiss.

Defendant Stanfill contends that this appeal should be dismissed because plaintiff did not file her notice of appeal within ten days after the judgment became final. Trial of the case was held March 28, 1980. At the close of plaintiff's evidence the judge announced that he would sustain defendants' motions and dismiss plaintiff's petition and made docket entries to that effect. A judgment dated April 7, 1980 was filed April 10, 1980. Notice of appeal was filed May 16, 1980. Defendant Stanfill contends that the judgment should be considered as having been entered on March 28. A notice of appeal must be filed not later than ten days after a judgment or order appealed from becomes final. Rule 81.04(a), V.A.M.R. A judgment becomes final at the expiration of thirty days after its entry if no timely motion for a new trial is filed. Rule 81.05(a), V.A.M.R. No motion for a new trial was filed here. We believe that the judgment did not become final until thirty days from April 10 and that plaintiff's appeal was timely. See *Gothard v. Spradling*, 561 S.W.2d 448 (Mo.App.1978).

Plaintiff testified that she and her husband made a deed to Frankie Green, their only child, and placed it in a safety deposit box at a bank in Dixon. She said there was attached to the deed a slip of paper stating that Frankie "wasn't to bother" the deed until their death. When her husband died she moved to High Ridge to live with her son and defendant Stanfill, then his wife, and put the deed and other papers in a safety deposit box at a bank there. The bank gave her two keys to the box. Her son and defendant Stanfill were present with her at the bank, and while there plaintiff gave him a key to the deposit box. The other key was "taken" out of her hand by defendant Stanfill, who apparently kept it.

The box was rented by plaintiff but listed in plaintiff's and her son's names. Later Frankie and defendant Stanfill went to the bank without plaintiff's knowledge, took the deed and recorded it. Frankie then made and had recorded a deed conveying the property to him and defendant Stanfill. Thereafter, he was killed in an automobile accident. Plaintiff testified that she did not know that the deed was taken from the box and recorded until told by Mrs. Stanfill after Frankie's death.

The parties differ in their contentions as to how we should review the trial court's action. Plaintiff contends that she made a prima facie showing that the deed was not delivered and the dismissal should thus be reversed. Defendant Stanfill claims that our review is not to determine if a case was made. She says that we are to affirm unless there is no substantial evidence to support the court's order, unless it is against the weight of the evidence, unless it erroneously declared the law, or unless it erroneously applied the law as stated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Relying on *Cave v. Cave*, 593 S.W.2d 592, 595 (Mo.App.1979), and *Reeves v. Boone*, 591 S.W.2d 118, 121 (Mo.App. 1979), she contends that the effect of her motion was to submit the cause for decision on the merits at the close of plaintiff's case; that the trial judge had the right to weigh the evidence, believe or disbelieve as he thought proper, and could decide against plaintiff even if plaintiff made a prima facie case, if he did not believe plaintiff's evidence was sufficiently convincing to overcome the presumption of delivery. While the judge may have had a right to do so, the record shows that he did not. He dismissed the petition on the basis that delivering the key to the safety deposit box constituted a delivery of the deed as a matter of law. Therefore, the question before us is whether he correctly declared and applied the law to the facts presented by plaintiff.

Whether there is delivery of a deed depends upon the facts of each case

and all relevant facts and circumstances should be considered in determining the question. *Underwood v. Gillespie*, 594 S.W.2d 372, 374 (Mo.App.1980). "Whether or not a deed has been delivered is a mixed question of law and fact. The element which controls the resolution of that question is the intention of the parties, especially the intention of the grantor. The vital inquiry is whether the grantor intended a complete transfer—whether the grantor *parted with dominion over the instrument* with the intention of relinquishing *all* dominion over it and of making it presently operative as a conveyance of the title to the land." *Meadows v. Brich*, 606 S.W.2d 258, 260 (Mo.App.1980). Intention of the parties may be manifested by words or acts or both. Id.

■ Defendant Stanfill contends that the trial court's determination of the effect of giving the key to Frankie was correct, citing *McBride v. Mercantile-Commerce Bank & Trust Co.*, 330 Mo. 259, 48 S.W.2d 922 (banc 1932), and *Foley v. Harrison*, 233 Mo. 460, 136 S.W. 354 (1911). However, in those cases there was evidence that the donor intended to make a present gift of the contents of the box. Here there was contrary evidence as to plaintiff's intention. Plaintiff's acts, as described in her testimony, indicated that by giving Frankie the key to the safety deposit box she did not then intend to deliver the deed and make a present conveyance of the property. She had the deed with her and deposited it in the box instead of giving it to her son. A note, apparently still attached to it, said he was not to take it until her death. It is essential to a valid delivery that the grantor part with the deed without reservation, with intention that it take effect at that time as a transfer of title. *Terry v. Glover*, 235 Mo. 544, 139 S.W. 337, 339 (1911). Placing an executed and acknowledged deed in a place where the grantee has access and from which he can, without hindrance, transfer it to his possession, but with the intent that the grantee not take it and have it recorded until after the grantor's death, does not constitute a delivery. *Huey v. Huey*, 65 Mo. 689, 692 (1877). See also

*Tyler v. Hall*, 106 Mo. 313, 17 S.W. 319, 321–322 (1891); *Scott v. Scott*, 95 Mo. 300, 8 S.W. 161, 162 (1888).

As a part of plaintiff's case certain "admissions" from defendant Stanfill's deposition were read. In the deposition she said that she and Frankie paid the taxes on the real estate and that plaintiff asked why she no longer received a tax statement. Defendant Stanfill said she answered as follows:

"I told her at the time the people that was working at the tax office lived on a farm and she probably made a mistake and put it in Frankie's name."

QUESTION: "Wasn't it true at that point, Mrs. Stanfill, that it was coming in Frankie's name because this Plaintiff's Exhibit number 1 [deed to Frankie Green] had been recorded and the record title was in Frankie's name?"

ANSWER: "Yes."

QUESTION: "You didn't tell Mrs. Green that though, did you?"

ANSWER: "No."

The answers strongly suggest that defendant Stanfill believed that Frankie's and her actions in taking the deed and recording it were contrary to plaintiff's intentions when she gave him the key to the safety deposit box.

■ We hold that the delivery of the key to the safety deposit box did not constitute delivery of the deed as a matter of law and that plaintiff made a prima facie case. The judgment of dismissal is reversed and the cause remanded for a new trial.

All concur.