IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**

August 11, 2021
SX-2020-CV-00761
TAMARA CHARLES
CLERK OF THE COURT



## SUPERIOR COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

| | |
|---|---|
| GLEN GEORGE SELKRIDGE,<br><br>PLAINTIFF,<br><br>v.<br><br>ERMIN ORETHA GREENE AND DAVID BYRON JOHNSON, JR.,<br><br>DEFENDANTS. | Civil No. SX-2020-CV-761<br><br>COMPLAINT TO QUIET TITLE<br><br>CITE AS: 2021 VI SUPER 86U |

**Appearances:**
**Charlotte S. Sheldon, Esq.**
McChain Hamm & St. Jean
Christiansted, U.S. Virgin Islands
*For Plaintiff*

### MEMORANDUM OPINION AND ORDER

¶ 1     **THIS MATTER** came before the Court on Plaintiff Glen George Selkridge's (hereinafter "Plaintiff") motion for default judgment, filed on April 16, 2021.

### BACKGROUND

¶ 2     On October 23, 2020, Plaintiff filed a complaint against Defendant Ermine Oretha Greene (hereinafter "Greene") and Defendant David Byron Johnson, Jr. (hereinafter "Johnson" and together with Greene, "Defendants") to quiet title to the following property: No. 20 Building E., The Towers Condominium, Rem. Parcel No. 2 Estate Contant, 7A Southside Quarter, St. Thomas, U.S. Virgin Islands (hereinafter "Property"). In his complaint, Plaintiff alleged: (i) "Plaintiff was the sole owner of the [Property]" (Compl. ¶ 5), (ii) "Plaintiff inadvertently conveyed the property by Warranty Deed to Defendants on October 14, 2016" (Compl. ¶ 6), (iii) "Plaintiff's intent was to keep the property in his name and to add the Defendants as additional grantees, who would then receive the property as joint tenants with rights of survivorship upon his death" (Compl. ¶ 7), (iv) "Plaintiff misunderstood the language of the Warranty Deed that was drafted and executed it

conveying the property entirely to Defendants" (Compl. ¶ 8), (v) "Defendants have refused to convey the property back to Plaintiff" (Compl. ¶ 9), and (vi) "Defendants are improperly withholding the property that was inadvertently conveyed to them (Compl. ¶ 10). Plaintiff's complaint did not set forth counts in separate numbered paragraphs with separate designation of the specific names of each count in the pleadings as required under Rule 8 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 8").[1] However, Plaintiff acknowledged in the caption that it is a complaint to quiet title. Plaintiff sought for: (i) a judgment that Plaintiff is the fee simple owner of the Property, (ii) a judgment that Defendants do not have any right, title or interest in the Property, (iii) attorney's fees and costs, and (iv) further relief as the Court may deem proper. The following documents were attached to the complaint as Exhibit 1: a copy of a warranty deed, dated October 14, 2016 (hereinafter "October 14, 2016 Warranty Deed"), a copy of a document titled "Affidavit for exemption from stamp taxes according to Title 33 Section 128 of the V.I. Code," and a copy of a document titled "Real property tax clearance letter." According to the October 14, 2016 Warranty Deed, Plaintiff, as the grantor, granted and conveyed "all of his right, title and interest" in and to the Property to Defendants, as the grantees.

¶ 3    On February 23, 2021, Plaintiff filed a motion for entry of default. A copy of the complaint, a copy of the proofs of service for Defendants, and a copy of an affidavit of counsel was attached to Plaintiff's motion for entry of default as Exhibit A, Exhibit B, and Exhibit C, respectively. According to the proofs of service, Defendants were served on January 20, 2021 at 9315 Bardeen

---

[1] Rule 8 mandates that "a pleading that states a claim for relief must contain:...(1) short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief -- because this is a notice pleading jurisdiction -- and the pleading shall be set forth in separate numbered paragraphs as provided in Rule 10(b), **with separate designation of counts and defenses for each claim identified in the pleading**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. V.I. R. Civ. P. 8(a) (emphasis added).

Way, Iowa Colony, Texas in the following manner: "[b]y delivering a true copy of the summons

and complaint and leaving with Jane Doe who is known to be the co-resident and a competent

household member over 14 years of age residing therein" and "[s]aid premises is recipients usual

place of abode within the state."[2] (Motion for Entry of Default, Exhibit B.) On March 16, 2021,

default was entered against Defendants.

¶ 4     On April 16, 2021, Plaintiff filed this instant motion. On June 3, 2021, the Court entered

an order whereby the Court noted:

> Upon review of the file, it has come to the Court's attention that Plaintiff did not provide, with its previous motion for entry of default or instant motion for default judgment, any evidence showing that neither Defendant Greene nor Defendant Johnson is a minor, an incompetent person, or a person subject to the provisions of the Servicemember's Civil Relief Act of 2003, or an affidavit stating such. There are additional rules to serving a minor or an incompetent person,[2] and a person subject to the Servicemember's Civil Relief Act of 2003 is protected from being sued while in active military service.[3] As such, the Court will give Plaintiff an opportunity to remedy the deficiency and reserve ruling on Plaintiff's instant motion.

---

[2] Title 5 V.I.C. § 111 provides:

§ 111. Service on infant or incompetent person

In the cases referred to in Rule 4(d)(2) of the Federal Rules of Civil Procedure, service shall be made as follows:

> (1) Upon an infant, by delivering a copy of the summons and of the complaint to the infant personally, and also to his father, mother, or guardian, or if there is none within the Virgin Islands then to any person having the care or control of such infant, or with whom he resides, or in whose service he is employed.

---

[2] Rule 4 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 4") governs service of process. Rule 4(f) provides that "Where 5 V.I.C. § 4903 or other applicable law provides for the assertion of personal jurisdiction over a person located outside the Virgin Islands, the provisions and procedures of Title 5 V.I.C. Chapter 503 shall be followed including, but not limited to, the procedures for service and the filing of proof of service set forth in 5 V.I.C. § 4911." V.I. R. Civ. P. 4(f). Title 5 V.I.C. § 4911 provides that "[w]hen the law of this territory authorizes service outside this territory, the service, when reasonably calculated to give actual notice, may be made: (1) by personal delivery in the manner prescribed for service within this territory..." Title 5 V.I.C. § 4911(a)(1). Here, Defendants were served in a manner prescribed for service within the U.S. Virgin Islands. *See* Rule 4(e)(2) ("Unless law of the Virgin Islands provides otherwise, an individual -- other than a minor, an incompetent person, or a person whose waiver has been filed -- may be served in the Virgin Islands by doing any of the following:...(2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and iscretion who resides there...").

> (2) Upon a person judicially declared to be of unsound mind or incapable of conducting his own affairs for whom a guardian has been appointed, by delivering a copy of the summons and of the complaint to the defendant personally and also to such guardian.

[3] The Servicemembers' Civil Relief Act of 2003, formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940, is a federal law that gives all military members some important rights as they enter active duty, including but not limited to protection from being sued while in active military service of their country.

(June 3, 2021 Order, p. 3.)

Thus, the Court ordered Plaintiff to supplement his motion for default judgment with evidence showing that neither Defendant Greene nor Defendant Johnson is a minor, an incompetent person, or a person subject to the provisions of the Servicemember's Civil Relief Act of 2003, and/or an affidavit stating such and reserved ruling on Plaintiff's motion pending receipt of Plaintiff's supplemental filing.

¶ 5    On July 2, 2021, Plaintiff filed an affidavit whereby Plaintiff declared under penalty of perjury that neither Defendant Greene nor Defendant Johnson is a minor, an incompetent person, or a person subject to the provisions of the Servicemember's Civil Relief Act of 2003.

## STANDARD OF REVIEW

¶ 6    Rule 55 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 55") governs entry for default and default judgment. An entry of default does not necessitate a default judgment. *See Chaput v. Scafidi*, 66 V.I. 160, 188 (Super. Ct. June 14, 2017) ("Plaintiffs do not win by default just because the defendants fail to appear."). "[W]hen default is entered against a defendant, the defendant is admitting only to the allegations against him as alleged in the charging document." *Redemption Holdings, Inc. v. Gov't of the V.I.*, 65 V.I. 243, 255 (V.I. 2016) (citing *King v. Appleton* 61 V.I. 339, 346 (V.I. 2014)). In *King*, the Virgin Islands Supreme Court pointed out that "the Superior Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusion of law" and that if the Superior

Court determines that the unchallenged facts constitute a legitimate cause of action, then it is "to hold a default judgment hearing to establish the amount of damages." 61 V.I. at 346 (internal quotes and citations omitted) (footnote omitted). However, a default judgment can be entered without a hearing "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain." *Appleton v. Harrigan*, 61 V.I. 262, 270 (V.I. 2014) (citing Super. Ct. R. 48(a)(1));[3] *see* V.I. R. CIV. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the court or the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."). In *Harrigan*, the Virgin Islands Supreme Court explained that "[a] claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default."[4] 61 V.I. at 270. "In all other cases [not involving a claim for a sum certain], the party must apply to the court for a default... The court may conduct hearings or make referrals -- preserving any statutory right to a jury trial -- when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages;

---

[3] The *Harrigan* court noted:

> "We again look to federal case law for persuasive authority because, even though Superior Court Rule 48 exclusively governs default judgment in the Superior Court, Federal Rule of Civil Procedure 55(b) similarly provides that default judgment can be entered without a hearing only where the damages sought are a "sum certain." SUPER. CT. R. 48(a)(1) ("When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, ... the clerk upon request of the plaintiff ... shall enter judgment for the net amount due and costs against the defendant."); FED. R. CIV. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk ... must enter judgment for that amount and costs against a defendant.")."

61 V.I. at 270 n. 9.

Since *Harrigan*, the Virgin Islands Supreme Court adopted the Virgin Islands Rules of Civil Procedure, which went into effect on March 31, 2017. Subsequently, Superior Court Rule 48 was repealed on April 7, 2017 by Supreme Court Promulgation Order No. 2017-0006. While Superior Court Rule 48 has been repealed and the Federal Rules of Civil Procedure does not apply in this matter, the Court nevertheless finds the *Harrigan* court's analysis as to sum certain claims helpful here since Rule 55(b)(1) closely mirrors its federal counterpart and Superior Court Rule 48.

[4] *See supra*, footnote 3.

(C) establish the truth of any allegation by evidence; or (D) investigate any other matter." V.I. R. CIV. P. 55(b)(2).

## DISCUSSION

¶ 7     In his motion, Plaintiff requested that "a default judgment be entered ordering that Plaintiff is the fee simple owner of all right, title, and interest to the...Property, that the current deed inadvertently conveying title to Defendants is hereby nullified and cancelled, for attorney's fees and costs incurred in prosecuting this matter, and such further relief as this Court may deem just and proper." (Motion, p. 3) Plaintiff made the following assertions in support of his request: (i) "[I]n light of the entry of default, the allegations in the Complaint have been subsequently admitted by Defendants and cannot now be contested,"[5] (Id., at p. 2) (ii) "This is a simple quiet title action. Pursuant to 28 V.I.C. § 371, 'any person in possession, by himself or his tenant, of real property, may maintain an action of an equitable nature against another who claims an estate or interest therein adverse to him, for the purpose of determining such claim, estate, or interest.'"[6] (Id.); and (iii) "Plaintiff did not intend to transfer his entire interest to Defendants, and as such, the Warranty Deed did not validly pass title to Defendants."[7] (Id., at p. 3.)

---

[5] Plaintiff referenced: *King*, 61 V.I. at 346 ("by his default, admitted the plaintiff's well-pleaded allegations of fact, [he] is concluded on those facts by the judgment, and is barred from contesting the facts thus established.") (citing *Harrigan*, 2014 WL 4428451, at *3) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Bank of Nova Scotia v. Dore*, 57 V.I. 105, 110 (V.I. Super. Ct. 2012) (after the entry of default "a trial court accepts the factual allegations of the complaint as true, except for those averring the amount of damages").

[6] Plaintiff referenced: *Redemption Holdings, Inc. v. Hall*, 2015 WL 13579239, at *2 (V.I. Super. Ct. Feb. 25, 2015), *aff'd sub nom. Redemption Holdings, Inc. v. Gov't of the Virgin Islands*, 65 V.I. 243 (2016).

[7] Plaintiff referenced: *S & S Servs., Inc. v. Rogers*, 40 V.I. 320, 327, 35 F. Supp. 2d 459, 463-64 (D.V.I. 1999) ("In the Virgin Islands, a properly executed deed is validly delivered to pass title only when it is delivered by the grantor to the grantee with the present intent to transfer title... Possession of the deed was not given to her with the intention of thereby passing title of the Parcel to her. Accordingly, her recordation of the deed purporting to vest title in her is void and must be canceled of record.").

### I.    Whether Plaintiff is Entitled to a Judgment by Default

¶ 8    In order for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, the Court must first discern the causes of action alleged in Plaintiff's complaint. Here, as noted above, Plaintiff's complaint did not set forth counts in separate numbered paragraphs with separate designation of the specific names of each count in the pleadings as required under Rule 8. Nevertheless, this error is not fatal if Plaintiff's complaint sufficiently put Defendants on notice of the claims brought against them. *See* V.I. R. Civ. P. 8(a)(2) ("[The Virgin Islands] is a notice pleading jurisdiction"); *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (2017) ("Virgin Islands Rule of Civil Procedure 8 expressly states that the Virgin Islands "is a notice pleading jurisdiction," V.I. R. CIV. P. 8(a), and the Reporter's Note eliminates any doubt that this language is calculated to "apply[ ] an approach that *declines* to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief." (citing V.I. R. CIV. P. 8 Reporter's Note (emphasis added)) (citing *Brathwaite v. H.D.V.I. Holding Co.*, 2017 V.I. LEXIS 76, at *3, (V.I. Super. Ct. May 24, 2017) (acknowledging that Virgin Islands Civil Procedure Rule 8(a)(2) eliminates the plausibility standard and instead will permit a complaint so long as it "adequately alleges facts that put an accused party on notice of claims brought against it")); *Williams v. Galiber*, 70 V.I. 226, 230 (Super. Ct. 2019) ("Notice pleading means that a Complaint is sufficient when it 'adequately alleges facts that put an accused on notice of claims brought against it.'").

¶ 9    Based on Plaintiff's allegations in the complaint and Plaintiff's acknowledgment in the caption that it is a complaint to quiet title, the Court finds that the complaint has sufficiently put Defendants on notice of Plaintiff's quiet title claim. However, the Court finds that Plaintiff's complaint also included another claim, although it is unclear whether this other cause of action

calls for rescission of the October 14, 2016 Warranty Deed[8] or calls for a declaratory judgment that the October 14, 2016 Warranty Deed is void from its inception.[9] Given the lack of clarity regarding whether this other claim calls for rescission or a declaratory judgment, and given the lack of facts alleged in the complaint, the Court finds the complaint has not sufficiently put Defendants on notice of the claim that is brought against them to defend. *See Oxley v. Sugar Bay Club & Resort Corp.*, 2018 V.I. LEXIS 81, at *10 (V.I. Super. Ct. May 14, 2018) ("Based upon the differences among notice pleading, fact pleading, and the plausibility standard, this Court determines that a complaint need not plead facts to support each element of a claim in order to adequately allege facts that put an accused party on notice or to show[] the pleader is entitled to relief under V.I. R. Civ. P. 8(a)(2). But, a complaint should provide factual allegations sufficient to advise the responding party of the transaction or occurrence on which the claim is based and identify the claim, reciting its elements, so as to enable the defendant to respond intelligently and to enable the Court to determine on a motion to dismiss under V.I. R. Civ. P. 12(b)(6) whether the claim is adequately pled."). As such, the Court finds that Plaintiff is not entitled to a judgment by default at this juncture.

## CONCLUSION

¶ 10    Based on the foregoing, the Court will deny Plaintiff's motion for default judgment but will give Plaintiff the opportunity to file a first amended complaint. Accordingly, it is hereby:

---

[8] In *Streibich v. Underwood*, the Virgin Islands Supreme Court noted that "[a] deed is a contract, and thus in most circumstances the principles of contract interpretation govern." 2021 VI 3, ¶ 24.

[9] In Plaintiff's prayer for relief in the complaint, Plaintiff asked for, inter alia, a judgment that Defendants do not have any right, title or interest in the Property. (Compl.) In his motion, Plaintiff requested a default judgment be entered ordering...that the current deed inadvertently conveying title to Defendants is hereby nullified and cancelled." (Motion, p. 3.)

**ORDERED** that Plaintiff's motion for default judgment, filed on April 16, 2021, is **DENIED**. It is further:

**ORDERED** that, **within thirty (30) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff may file a proposed first amended complaint, drafted in compliance with the Virgin Islands Rules of Civil Procedure—including, but not limited to, setting forth counts in separate numbered paragraphs with separate designation of the specific names of each count in the pleadings as required under Rule 8 of the Virgin Islands Rules of Civil Procedure, and name the defendant or defendants for each count clearly. It is further:

**ORDERED** that Plaintiff shall file (i) a redline copy of the new proposed first amended complaint reflecting the changes made to the initial complaint and (ii) a clean copy of the new proposed first amended complaint, in compliant with Rule 15-1 of Virgin Islands Rules of Civil Procedure, which requires "[a] party moving to amend a pleading…[to] attach a complete—and properly signed—copy of the proposed amended pleading to the motion papers" and "must reproduce the entire pleading as amended specifically delineating the changes or additions and may not incorporate any prior pleading by reference."

**DONE and so ORDERED this** \_\_11th\_\_ **day of August, 2021.**

ATTEST:
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor

Dated: \_\_8/11/2021_____

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**